UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| UNITED STATES OF AMERICA, | ) |   |
|---|---|---|
|   | ) |   |
| Plaintiff | ) |   |
|   | ) |   |
| v. | ) | Cause No. 4:05-cr-10-SEB-MGN |
|   | ) |   |
| ROBERT CARL WILSON, | ) |   |
|   | ) |   |
| Defendant | ) |   |

## **MAGISTRATE JUDGE=S REPORT AND RECOMMENDATION**

This matter is before the undersigned U.S. Magistrate Judge pursuant to the Order entered by the Honorable Sarah Evans Barker, U.S. District Court Judge, on February 4, 2014, designating the Magistrate Judge to conduct a hearing on the Petition for Warrant or Summons for Offender Under Supervision filed with the Court on February 3, 2014, and the subsequent Supplemental Petition for Warrant for Offender Under Supervision filed on March 14, 2014, and to submit to Judge Barker proposed Findings of Facts and Recommendations for disposition under Title 18 U.S.C. ' ' 3401(i) and 3583(e) and (g). An Initial Hearing on the Petition filed on February 3, 2014 and the Supplemental Petition filed on March 14, 2014 in this matter was held on March 20, 2014. The Initial Hearing on the Second Supplemental Petition filed on April 8, 2014 was held on April 9, 2014 and disposition proceedings were held on April 29, 2014. All the hearings in this matter were held in accordance with Rule 32.1 of the *Federal Rules of Criminal Procedure* and 18 U.S.C. ' 3583. At the Initial Hearing on March 20, 2014, the defendant, Robert Carl Wilson, appeared in person with his appointed, Larry Simon. The government appeared by Doris Pryor, Assistant United States Attorney, via telephone, for Steven

1

DeBrota, Assistant United States Attorney. U.S. Probation appeared by Tasha Taylor, who participated in the proceedings.

The following procedures occurred in accordance with Rule 32.1 *Federal Rules of Criminal Procedure* and 18 U.S.C. ' 3583:

1. On March 20, 2014, Larry Simon was present for the initial hearing and was appointed by the Court to represent Mr. Wilson regarding the pending Petition for Warrant on Offender Under Supervision and the Supplemental Petition for Warrant on Offender Under Supervision.

2. A copy of the Petition on Offender Under Supervision and Supplemental Petition on Offender Under Supervision were provided to Mr. Wilson and his counsel who informed the Court that they had read and understood the specifications of each alleged violation and waived further reading thereof.

3. Mr. Wilson was advised of his right to a preliminary hearing and its purpose in regard to the alleged specified violations of his supervised release contained in the pending Petition and Supplemental Petition.

4. Mr. Wilson was informed that he would have the right to question witnesses against him at the preliminary hearing unless the Court, for good cause shown, found that justice did not require the appearance of a witness or witnesses.

5. Mr. Wilson was advised he had the opportunity to appear at the preliminary hearing and present evidence on his own behalf.

6. Mr. Wilson was informed that, if the preliminary hearing resulted in a finding of probable cause that Mr. Wilson had violated an alleged condition or conditions of his supervised release set forth in the Petition and/or Supplemental Petition, he would be held for a revocation

hearing before the undersigned Magistrate Judge, in accordance with Judge Baker=s designations entered on February 4, 2014 and March 14, 2014, respectively.

7. Mr. Wilson requested a preliminary examination, but waived his right to a detention hearing at that time. He further reserved the right to request a detention hearing at a later date if the situation so warranted the same. The Preliminary Hearing was scheduled for April 9, 2014, at 3:30 p.m.

8. The parties requested the violation hearing be held in conjunction with the preliminary examination, as much of the evidence to be presented was the same. The Court granted such request and set all the matters for April 9, 2014 at 3:30 p.m. The defendant was ordered detained pending further proceedings before the Court.

9. On April 8, 2014, the U.S. Probation Office filed a Second Supplemental Petition for Warrant for Offender Under Supervision, and on April 9, 2014, District Judge Barker designated the undersigned to conduct the hearing on the Second Supplemental Petition in conjunction with the Petition for Warrant filed on February 3, 2014 and the Supplemental Petition for Warrant filed on March 14, 2014 and to submit to District Judge Barker proposed findings of fact and recommendations for disposition under 18 U.S.C. 3583(e).

10. On April 9, 2014, Mr. Wilson appeared with CJA counsel, Larry Simon, at the scheduled preliminary examination and violation hearings. The Government was represented by Assistant United States Attorney Zachary Myers and U.S. Probation Officer Tasha Taylor also participated in the proceedings.

11. At that time the parties agreed to continue the Preliminary Examination and Revocation hearing to a date when all three pending Petitions could be considered. The Court

then proceeded to conduct an Initial Hearing with respect to the Second Supplemental Petition for Warrant on Offender Under Supervision filed on April 8, 2014.

12. A copy of the Second Supplemental Petition on Offender Under Supervision was provided to Mr. Wilson and his counsel who informed the Court that they had read and understood the specifications of each alleged violation and waived further reading thereof.

13. Mr. Wilson was advised of his right to a preliminary hearing and its purpose in regard to the alleged specified violations of his supervised release contained in the pending Second Supplemental Petition.

14. Mr. Wilson was informed that he would have the right to question witnesses against him at the preliminary hearing unless the Court, for good cause shown, found that justice did not require the appearance of a witness or witnesses.

15. Mr. Wilson was advised he had the opportunity to appear at the preliminary hearing and present evidence on his own behalf.

16. Mr. Wilson was informed that, if the preliminary hearing resulted in a finding of probable cause that Mr. Wilson had violated an alleged condition or conditions of his supervised release set forth in the Second Supplemental Petition, he would be held for a revocation hearing before the undersigned Magistrate Judge, in accordance with Judge Baker=s designations entered on February 4, 2014 and March 14, 2014 and April 9, 2014, respectively.

17. Mr. Wilson requested a preliminary examination on the Second Supplemental Petition. As the parties had previously requested the violation hearing be held in conjunction with the preliminary examination, and continued to request the same with regard to the Second Supplemental Petition, the Court granted such request and set this case for a Preliminary

Examination and Revocation Hearing with regard to all three Petitions for April 29, 2014 at 2:00 p.m. The defendant was ordered detained pending further proceedings before the Court.

18. On April 29, 2014, Mr. Wilson appeared in person and with his appointed counsel, Larry Simon. The Government appeared by AUSA Steven DeBrota. U.S. Probation Officer Tasha Taylor also participated in the proceedings.

19. The Government orally moved to dismiss Violations No. 2 and 13 and the same was granted by the Court. The Government and Defendant stated their readiness to proceed with the Revocation Hearing.

20. The Government presented the testimony of U.S. Probation Officer Tasha Taylor. Government's Exhibit 1 was marked and admitted without objection. Defense counsel cross-examined the witness. The Government also presented the testimony of Deputy U.S. Marshal Kevin Ferran, and Defense counsel cross-examined the witness. The Defendant offered no witnesses.

21. The parties presented their respective arguments regarding the appropriate sanction for Mr. Wilson, if the Court found that Mr. Wilson had violations the conditions of his supervised release.

22. The Court took judicial notice of all substantive papers and pleadings in the Clerk's file in this cause. The Court further took the matter under advisement and advised the parties it would issue a written ruling on the same.

23. Based on the information available to the Court, the Court finds as follows:

    a.) On January 28, 2014, Mr. Wilson absconded from Volunteers of America (VOA), a residential reentry center located in Indianapolis. He signed out of the facility in the morning on a pass for employment and was to return by 2:45 p.m. However,

staff at the facility received a call at approximately 11:55 a.m. from his manager at Donato's Pizza, stating as of that time, Mr. Wilson had not shown up for work. He subsequently did not return to VOA at 2:45 p.m. as required.

b.) Mr. Wilson made no contact with the probation officer since he left the VOA on January 28, 2014. He did not report another residence and/or employment, and his whereabouts were unknown. Attempts to locate him through collateral sources were unsuccessful.

c.) The offender began working at Donato's Pizza in Indianapolis on approximately October 25, 2013. He voluntarily terminated his employment on January 28, 2014, when he failed to report for work as scheduled. He was previously employed as a laborer at Value World in Indianapolis from approximately April 22, 2013, until July 19, 2013. However, at the time he was hired, he did not disclose the true nature of his offense of conviction and he was terminated when his manager learned of his sex offender registry status.

d.) Mr. Wilson absconded from VOA on January 28, 2014. He has since failed to update the sex offender registry as required. Due to his homeless status, he was required to report to the local law enforcement agency on a weekly basis to update his registration. Prior to absconding, he had complied with sex offender registration requirements.

e.) On approximately September 10, 2013, a cellular telephone with Internet access was confiscated from another offender by staff at VOA. This person was also a convicted sex offender and had reportedly obtained the phone from Mr. Wilson, which is in violation of VOA's policy. A review of the cellular phone revealed

several pornographic images. Mr. Wilson was subsequently confronted by the probation officer on September 11, 2013. He admitted giving the other offender his cellular phone to use, and further acknowledged it contained various pornographic images. Also, he informed the probation officer he used Facebook, a social networking site, in August 2013. The offender was verbally reprimanded by the probation officer. As he was referred to sex offender treatment just before these incidents occurred, the treatment provider was notified and the matters were addressed in the therapeutic setting. Also, Mr. Wilson's cellular telephone was submitted to an agent with the Department of Homeland Security for a forensic examination. To date, the results from the examination have not yet been received by the Probation Officer.

f.) On January 25, 2014, a search was conducted at VOA by officers of the probation office search team. The offender's property was searched, including a locker and bed. Located hanging in his locker were several photographs (erotica) from magazines of women in bathing suits in various erotic poses. Also located was a cellular telephone, which Mr. Wilson had not been approved to keep in his possession at the facility. The phone violated VOA's policy as it appeared to have camcorder accessibility.

g.) Since absconding from the VOA, the offender has not participated in the sex offender treatment program as required. As such, he was terminated for nonattendance.

h.) On March 6, 2014, Robert Wilson was charged in Marion County, Indiana, with Counts 1 and 2, Failure to Register as a Sex Offender, felonies. The charges are

pending under cause number 49F09-4103-FD-010969 in the Marion County Superior Court 9. There is an active warrant for his arrest.

i.) A urine sample collected from the defendant on March 20, 2014, tested positive for cannabinoids. On that day, he told the probation officer he had been consuming methamphetamine for approximately the past month, stating he used approximately one gram each week, and claimed he last used the drug on March 17, 2014. It is noted, drug paraphernalia was taken from Mr. Wilson's motel room by United States Marshals deputies when he was located and arrested.

24. The Court finds the testimony and the exhibit admitted in the hearing clearly and convincingly have proven the alleged violations as set forth in the Petitions as follows:

| Violation Number | Nature of Noncompliance |
| --- | --- |
| 1 | **The defendant shall reside for a period of up to six months at a Residential Reentry Center (RRC) as directed by the probation officer and shall observe the rules of that facility.** |
| 3 | **The defendant shall notify the probation officer at least ten days prior to any change in residence or employment.** |
| 4 | **The defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons.** |
| 5 | **The defendant shall register with the state sex offender registration agency in the state where he resides, works, or is a student, as directed by the probation officer.** |
| 6 | **The defendant shall not possess or use a computer or other related hardware or software (including any Internet-enabled device) during the time of supervised release, unless approved by the probation officer.** |
| 7 | **The defendant shall not possess any pornography, erotica or nude images. Any such material found in the defendant's possession shall be considered contraband and may be confiscated by the probation officer.** |

| | |
|---|---|
| **8** | **The defendant shall participate in a program of treatment for sexual disorders, including periodic polygraph examinations, as directed by the probation officer. The Court authorizes the release of the presentence report and available psychological evaluations to the mental health provider, as approved by the probation officer.** |
| **9** | **The defendant shall not commit another federal, state, or local crime.** |
| **10** | **The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substance, except as prescribed by a physician.** |
| **11** | **The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered.** |
| **12** | **The defendant shall refrain from any unlawful use of a controlled substance.** |

25. Based on the information available to the Court, the Court further finds the following:

(1) Mr. Wilson has a relevant criminal history category of II. *See,* U.S.S.G.

' 7B1.4(a).

(2) The most serious grade of violation committed by Mr. Wilson constitutes a

Grade B violation, pursuant to U.S.S.G. ' 7B1.1(b).

(3) Pursuant to U.S.S.G. ' 7B1.4(a) and (b)(3)(A), upon revocation of supervised

release, the range of imprisonment applicable to Mr. Wilson is six (6) to twelve

(12) months.

The Court, having heard the evidence, and the arguments and discussions of behalf of each of the parties, and having made the above findings, now **FINDS** probable cause to believe that Robert Carl Wilson violated the above delineated conditions of his supervised release, not in just one area, but under numerous areas of the terms of supervised release. Further, the Court

finds clearly and convincingly that Mr. Wilson has violated numerous areas of the terms of his supervised release, and therefore, the defendant=s supervised release is hereby **REVOKED,** and Robert Carl Wilson shall be committed to the Bureau of Prisons to serve a term of imprisonment of twelve (12) months. Upon release from confinement, Mr. Wilson shall be returned to supervised release for life with the same terms and conditions previously imposed.

The Magistrate Judge requests that Tasha Taylor, U.S. Probation Officer, prepare for submission to the Honorable Sarah Evans Barker, District Judge, as soon as practicable, a supervised release revocation judgment, in accordance with these findings of fact, conclusions of law and recommendations.

The parties are hereby notified that the District Court may reconsider any matter assigned to the Magistrate Judge, including this Magistrate Judge's Report and Recommendation, pursuant to Title 28, U.S.C. 636(b)(1)(B) and (C) and Rule 72(b) of the *Federal Rules of Civil Procedure*. You shall have 10 days after being served a copy of this Report and Recommendation to serve and file written objections to the proposed findings of facts and conclusions of law and recommendations of this Magistrate Judge. If written objections to the Magistrate Judge's proposed findings of fact and recommendations are made, the District Judge will make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which an objection is made.

**WHEREFORE,** the U.S. Magistrate Judge **RECOMMENDS** the Court adopt the above Report and Recommendation revoking Robert Carl Wilson's supervised release.

**IT IS SO RECOMMENDED** this 1st day of May, 2014.

_____
Michael G. Naville, Magistrate Judge
United States District Court

Distribution:

All counsel of record via CM/ECF

U.S. Marshal

U.S. Probation Office